IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROSIVITO HOSKINS, #06048-027,    )
                                 )
           Plaintiff,            )
                                 )
vs.                              )    CIVIL NO. 11-296-GPM
                                 )
OFFICER CRAIG,                   )
                                 )
           Defendant.            )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate in the United States Penitentiary in Marion, Illinois (USP Marion), brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this complaint contains claims that cannot be dismissed at this time.[1]

## FACTS ALLEGED IN COMPLAINT

In May 2010, Plaintiff was transferred to the segregation housing unit in USP Marion. Defendant Craig was charged with packing Plaintiff's property and moving it to Plaintiff's new cell. During the packing process, Defendant Craig threw numerous property items in the trash and damaged Plaintiff's radio, photo album, and transcript cover. Plaintiff alleges that the total value of the trashed and damaged property totals at least $4,149.

Because some of the property that was destroyed was of sentimental value, such as photos and news clippings, Plaintiff has suffered emotional distress because of the loss. This stress has caused Plaintiff to experience insomnia and severe headaches.

## DISCUSSION

**Count 1:      Property**

Plaintiff alleges that he was deprived of personal property when Defendant Craig threw many items belonging to Plaintiff in the trash and damaged other items. Plaintiff suggests that these actions were intentionally taken by Defendant Craig in an effort to prevent Plaintiff from receiving all of his personal property. Plaintiff claims that this deprivation occurred without any procedure,

---

[1]At the outset, the Court recognizes that there is some doubt as to the viability of *Bivens* claims going forward in light of the United States Supreme Court's recent oral argument in *Minneci, et al. v. Pollard* (docket 10-1104). This Court finds it most efficient to conduct the threshold review in this case. After Defendants are served, the case will be in a better posture to consider, on Defendants' motion, the Supreme Court's ultimate holding.

in violation of his personal property rights.

The Supreme Court has held that deprivation of an inmate's property does not violate the due process clause *if* the government provides an adequate remedy. *Hudson v. Palmer*, 468 U.S. 517, 536 (1984). The Seventh Circuit Court of Appeals has held that federal prisoners may bring suit, pursuant to the Federal Torts Claim Act, for injuries sustained through the negligent acts of prison officials. *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003) (discussing *United States v. Muniz*, 374 U.S. 150 (1963)). This would make the Federal Torts Claims Act an adequate remedy to address the negligent deprivation of personal property.

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671 *et seq*, is "a limited waiver of sovereign immunity" that makes the United States liable "for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976). In relevant part, the FTCA allows for "claims against the United States, for money damages … for injury or loss of property … caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). This would apply where a Bureau of Prisons official, who is a federal employee, commits an applicable tort against an inmate. However, there are certain exceptions to this coverage. Section 28 U.S.C. § 2680(c) states that the FTCA immunity waiver does not apply to "[a]ny claim arising in respect of … the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer."

The Supreme Court has held that this language applies to instances in which an inmate attempts to sue the United States when a federal prison has lost his or her property. *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 227-28 (2008). The Court further held in the *Ali* case that Federal

Bureau of Prisons employees are "other law enforcement officers" under the FTCA, which means that prisoners whose property is "detained" by Federal Bureau of Prisons employees cannot bring suit under the FTCA. *Ali*, 552 U.S. 214.

With this ruling, it no longer seems that the FTCA is an adequate remedy for inmates alleging intentional deprivation of personal property. If this is the case, *Hudson* would seem to indicate that these claims raised by federal inmates can be brought pursuant to the due process clause. *See Hudson v. Palmer*, 468 U.S. 517, 536 (1984) (deprivation of an inmate's property does not violate the due process clause where there exists an adequate post-deprivation remedy). At this point, it is not entirely clear whether the Supreme Court opened up this avenue to federal inmates. This Court is unable to dismiss this claim at this point in the litigation.

**Count Two: Emotional Distress**

Plaintiff claims that because some of the property that was thrown away by Defendant Craig was of sentimental value, namely photos and newspaper clippings, he experienced emotional distress, which in turn caused him to suffer from insomnia and severe headaches. Inmates are prohibited from bringing claims for emotional suffering without a showing of an actual physical injury that occurred prior to the suit being brought. *See* 42 U.S.C. § 1997e(e); *see also Jones v. Bock*, 549 U.S. 199, 222 (2007); *Smith v. Peters*, 631 F.3d 418, 420-421 (7th Cir. 2011); *Robinson v. Page*, 170 F.3d 747, 748-49 (7th Cir. 1999).

In determining whether there has been a physical injury, the *Robinson* Court pointed to *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997), in which the Fifth Circuit Court of Appeals stated: "[i]n the absence of any definition of 'physical injury' in [§ 1997e(e)], we hold that … the injury must be more than *de minimus*, but need not be significant." 112 F.3d at 193 (a bruised ear

was found to be *de minimus* and thus did not support a claim for emotional or mental distress).  The Seventh Circuit's nod to the *de minimus* standard has been utilized in both the Central and Northern Districts of Illinois.  *See Arnold v. Williams*, No. 07-1178, 2010 WL 2697156, at *2 (C.D. Ill. July 7, 2010); *Rahim v. Sheahan*, No. 99-C-0395, 2001 WL 1263493, at *9 (N.D. Ill. Oct. 19, 2001).

Plaintiff alleges that because his sentimental property was destroyed, he has suffered emotional damage, which in turn caused insomnia and headaches.  The Northern District has had opportunity to consider both of these ailments in conjunction with the physical injury standard and has found that both are *de minimus* injuries in terms of § 1997e(e) and, therefore, do not support emotional damages claims.  *See Agrawal v. Briley*, No. 02-C-6807, 2006 WL 3523750, at *14 (N.D. Ill. Dec. 6, 2006) (citing *Martin v. Gold*, No. 05-cv-28, 2005 WL 1862116, at *9 (D. Vt. Aug. 4, 2005) for proposition that headaches do not satisfy the physical injury requirement of § 1997e(e)); *Cannon v. Burkybile*, No. 99-C-4623, 2000 WL 1409852, at *6 (N.D. Ill. Sept. 25, 2000) (inmate who suffered from both headaches and insomnia, as well as stress and anxiety, did not state a physical injury pursuant to § 1997e(e)).

Although Plaintiff's injury need not be significant, it must be more then *de minimus*, which this Court believes his claims for headaches and insomnia are not.  As stated above, other district courts within the Seventh Circuit have found that both headaches and insomnia, even when coupled together, do not meet the standard of physical injury.  Without this physical injury requirement, Plaintiff has not stated an emotional distress claim that can survive § 1997e(e).  As a result, this claim must be dismissed with prejudice.

## SUMMARY

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form

USM-285 for service of process on Defendant **CRAIG**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendant **CRAIG** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[2] All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendant, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

---

[2] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under an obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: November 15, 2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge