IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROSIVITO HOSKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-296-GPM |
| | ) |
| OFFICER CRAIG, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The matter before the Court is Defendant Officer Craig's motion to dismiss Plaintiff Rosivito Hoskins' complaint for failure to state a claim for relief pursuant to Federal Rule of Procedure 12(b)(6) (Doc. 26). Officer Craig alternatively argues for dismissal, claiming that he is entitled to qualified immunity for alleged constitutional violations committed by Officer Craig (Doc. 26) Mr. Hoskins has filed a response to the motion to dismiss (Doc. 27). The Court has carefully reviewed the papers. For the foregoing reasons, Mr. Hoskins has failed to state a claim upon which relief can be granted and therefore the motion to dismiss (Doc. 26) is **GRANTED.** Since this matter can be disposed of simply on a pleadings analysis, the Court finds no reason to address the merits of Officer Craig's qualified immunity defense.

## BACKGROUND

Mr. Hoskins is currently an inmate at the Federal penitentiary in Marion, Illinois ("Marion"). Officer Craig is a correctional officer at Marion. Mr. Hoskins filed this pro se action against Officer Craig for alleged violations of his Fourteenth Amendment Due Process

Rights when Officer Craig intentionally threw away or damaged his personal property. More specifically, Mr. Hoskins claims Officer Craig lost or damaged his property "of an enormous sentimental value" when he was being transferred from one housing unit to another at Marion. Officer Craig, according to Mr. Hoskins, owed a duty to secure and pack Mr. Hoskins' personal property.

On June 17, 2010, Mr. Hoskins filed an Administrative Remedy-Informal Resolution claiming that some of his personal property was discarded or damaged (Doc. 1, p. 6–8). He received a response that the Unit Team did not investigate staff misconduct (Doc. 1, p. 9). On August 27, 2010, Mr. Hoskins filed a Regional Administrative Remedy Appeal. Again, he was denied relief (Doc. 1, p. 10–11, 13–14). Hoskins also filed a claim under 31 U.S.C. § 3723 with the North Central Regional office, which again was denied (Doc. 26-4, p. 1–6)

## ANALYSIS

The United States Supreme Court has addressed federal pleading requirements in recent years, *see generally Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Erickson v. Pardus*, 551 U.S. 89 (2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), leading the Seventh Circuit Court of Appeals to issue additional guidance to the district courts.

> Our system operates on a notice pleading standard; *Twombly* and its progeny do not change this fact. *Cf. Smith v. Duffey*, 576 F.3d 336, 339-40 (7th Cir. 2009) (noting courts' over reliance on *Twombly*). A defendant is owed "fair notice of what the … claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Under *Conley*, just as under *Twombly*, it is not enough to give a threadbare recitation of the elements of a claim without factual support.

*Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009). A complaint must contain enough facts to state a claim to relief that is "plausible on its face" – the now familiar phrase originally used in *Twombly* – and "also must state sufficient facts to raise a plaintiff's right

to relief above the speculative level." *Bissessur*, 581 F.3d at 602-03. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "This said, in examining the facts and matching them up with the stated legal claims, we give 'the plaintiff the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bissessur*, 581 F.3d at 602-03. The Court of Appeals, in an opinion by Circuit Judge Wood, summarized this analysis as follows:

> So what do we take away from *Twombly*, *Erickson*, and *Iqbal*? First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). One month later, Circuit Judge Posner explained: "'[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009), (quoting *Iqbal*, 129 S. Ct. at 1950).

### A. Mr. Hoskins' *Bivens* Claim

A *Bivens* claim is the federal equivalent of an action brought pursuant to 42 U.S.C. § 1983, and the same legal principles apply in both instances. *Green v. Carlson*, 581 F.2d 669, 673 (7th Cir. 1978); *Moorer-Bey v. Fed. Bureau of Prisons*, 2012 U.S. Dist. Lexis 55884, at *3–9 (S.D. Ill. Apr. 22, 2012). To state a valid *Bivens* claim, inmate-plaintiffs must allege that a federal actor deprived them of a federal right. *Id.* In a *Bivens* analysis, there is no due process violation for a

deprivation of an inmate's property if there is an adequate remedy at law. *Hudson v. Palmer*, 468 U.S. 517, 536 (1984); *Moorer-Bey*, 2012 U.S. Dist. Lexis 55884, at *3–9.

Normally, the Federal Tort Claims Act ("FTCA") provides prisoners an adequate remedy at law for injuries sustained by the negligent acts of prison officials. *See generally* 28 U.S.C. § 1346(b). However, the FTCA is an inadequate remedy in this case because Mr. Hoskins' claim pertains to the detention of property by Officer Craig. *See Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 228 (2008); 28 U.S.C. § 2680(c). Under 28 U.S.C. § 2680(c), the FTCA shall not be a remedy for "[a]ny claim arising in respect of . . . the detention of any good, merchandise, or other property by any officer of customs or excise or any other law enforcement officer . . . ." 28 U.S.C. § 2680(c); *see also Ali*, 552 U.S. at 228; *On-Site Screening, Inc. v. United States*, 687 F.3d 896, 896 (7th Cir. 2012). Mr. Hoskins' claim against Officer Craig (who is a federal officer of the BOP) is for loss or damage to detained property "of an enormous sentimental value," which occurred at Marion. Accordingly, the FTCA is unavailable as a remedy for Mr. Hoskins.

Mr. Hoskins *does* have an adequate remedy through the BOP's Administrative Remedy Program.[1] 31 U.S.C. §§ 3723–3724; *United States v. Norwood*, 602 F.3d 830, 836 (7th Cir. 2010); *Ali*, 552 U.S. at 228 n.7. The head of an agency may settle claims up to $1000 for damage to privately owned property that is negligently caused by a federal employee.[2] *Id.*

---

[1] There is "an administrative remedy for lost property claimants . . . . Federal agencies have authority under 31 U.S.C. § 3723(a)(1) to settle certain 'claim[s] for not more than $1000 for damage to, or loss of, privately owned property that . . . is caused by the negligence of an officer or employee of the United States Government acting within the scope of employment.'" *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 228 n.7 (2008).

[2] The text of 31 U.S.C. § 3723 states:

> § 3723. Small claims for privately owned property damage or loss
> (a) The head of an agency (except a military department of the Department of Defense or the Coast Guard) may settle a claim for not more than $ 1,000 for damage to, or loss of, privately owned property that--

Mr. Hoskins also had other post-deprivation remedies available including: (1) a claim under 31 U.S.C. § 3723 which allows small claims to be presented to the agency for damages caused by the negligent acts of a federal law enforcement officer; and (2) a claim under 31 U.S.C. § 3724 which allows the Attorney General to settle claims for losses caused by law enforcement personnel. *Id.*; *Adeyi v. FCI Fort Dix Health Servs.*, 2012 U.S. Dist. LEXIS 80009, at *10–14 (D.N.J. June 7, 2012). Mr. Hoskins has shown none of these remedies to be inadequate.

Moreover, under § 3271, "victims of torts by federal law enforcement agents are remitted to an administrative remedy that is final." 31 U.S.C. § 3721; *Norwood*, 602 F.3d at 836 (citing *Oriakhi v. United States*, 2009 U.S. Dist. LEXIS 34160, at *1 (D.N.J. Apr. 20, 2009)). The BOP's decision whether to settle a claim is not subject to judicial review. *Id.* "[Where a] remedy is adequate despite the absence of judicial review, this [precludes] any *Bivens* remedy." *Id.* In this case, Plaintiff filed an unsuccessful claim under § 3723. Mr. Hoskins utilized this available and adequate post-deprivation remedy under § 3723, and is therefore precluded from an adjudication in this Court. Accordingly, Mr. Hoskins' *Bivens* claim against Officer Craig fails.

## B. Qualified Immunity

In general, qualified immunity acts as a protective shield for "government officials against suits arising out of their exercise of discretionary functions 'so long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.'" *Jones v. Wilhelm*, 425 F.3d 455, 460 (7th Cir. 2005) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638

---

(1) is caused by the negligence of an officer or employee of the United States Government acting within the scope of employment; and
(2) may not be settled under chapter 171 of title 28 [28 U.S.C. §§ 2671 et seq.].
(b) A claim under this section may be allowed only if it is presented to the head of the agency within one year after it accrues.
(c) A claim under this section may be paid as provided in section 1304 of this title [31 U.S.C. § 1304] only if the claimant accepts the amount of the settlement in complete satisfaction of the claim against the Government.

(1987)).  Here, Officer Craig contends that Mr. Hoskins had an adequate post-deprivation remedy, which inhibits him from showing a constitutional violation and thus entitles Officer Craig to qualified immunity.

The Court has determined that Mr. Hoskins has failed to state a claim for relief under Federal Rule of Procedure 12(b)(6).  This action is subject to dismissal.  Indeed, having disposed of this matter under a pleadings analysis, the Court finds it unnecessary to engage in any further discussion or analysis on the issue of qualified immunity.

## CONCLUSION

Mr. Hoskins has failed to state a claim upon which any relief can be granted. Accordingly, the Court finds it unnecessary to reach the merits of Officer Craig's qualified immunity defense.  Officer Craig's motion to dismiss (Doc. 26) is **GRANTED**; this case is **DISMISSED with prejudice**.  Judgment shall enter in a separate document accordingly.

**IT IS SO ORDERED.**

**DATED**: February 25, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge